

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

July 14, 2020

**By ECF**

Hon. Gregory H. Woods
United States District Judge
United States Courthouse
500 Pearl Street
New York, New York 10007

Re: **United States v. Cynthia Jordan**
**19 Cr. 478 (GHW)**

Dear Judge Woods:

  The Government respectfully submits this letter in response to the defendant's letter/motion of July 8, 2020, in which the defendant seeks modification of her sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) or, in the alternative, for a 90-day adjournment of her surrender dates.

  The Government has no objection to a 90-day adjournment of the defendant's surrender date, or indeed to a subsequent adjournment. However, for the reasons set forth below, defendant has no legal basis upon which to seek modification of her sentence under § 3582, since she has not yet begun to server her sentence.

  A. **Applicable Law**

  Under section 3582(c), a district court "may not" modify a term of imprisonment once imposed, except under limited circumstances. One such circumstance is the so-called compassionate release provision, which provides that a district court "may reduce the term of imprisonment" where it finds "extraordinary and compelling circumstances." 18 U.S.C. § 3582(c)(1)(A)(i). A motion under this provision may be made by either the Bureau of Prisons ("BOP") or a defendant, but in the latter case only "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendants facility, whichever is earlier." *Id.* Thus, where a compassionate release motion is brought by a defendant who has not "fully exhausted all administrative rights," the district court "may not" modify his term of imprisonment. *See United States v. Ogarro*, No. 18 Cr. 373 (RJS), 2020 WL 1876300, at *3 (S.D.N.Y. Apr. 14, 2020) (Section 3582(c)'s exhaustion requirement is "clear as day" and is therefore mandatory); *see also United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020) (in light of COVID-19 concerns, as well as the BOP's statutory role and its "extensive and professional efforts to curtail the virus's spread, . . . strict compliance with Section 3582(c)(1)(A)'s exhaustion requirement takes on added—and critical—importance"); *accord United States v. Alam*, No. 20-1298 (6th Cir. June 2, 2020).

  Under Section 3582, the Court "may reduce the term of imprisonment . . . after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that . . . extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). The relevant Sentencing Commission policy statement is U.S.S.G. § 1B1.13. That statement provides that the Court may reduce the term of imprisonment if "extraordinary and compelling reasons warrant the reduction," *id.* § 1B1.13(1)(A); "the defendant is not a danger to

Hon. Paul G. Gardephe                                                                                                     Page 2

the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)," *id.* § 1B1.13(2); and "the reduction is consistent with this policy statement," *id.* § 1B1.13(3).

The Application Notes of § 1B1.13, in turn, describe multiple ways that a defendant can show an "extraordinary and compelling reason," but only one is relevant here:

(A) Medical Condition of the Defendant.—

    (i) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.

    (ii) The defendant is—

        (I)    suffering from a serious physical or medical condition,

        (II)    suffering from a serious functional or cognitive impairment, or

        (III)    experiencing deteriorating physical or mental health because of the aging process.

that substantially diminishes the ability of the defendant to provide selfcare within the environment of a correctional facility and from which he or she is not expected to recover.

U.S.S.G. § 1B1.13, Application Note 1.

Regardless of the theory of "extraordinary and compelling reasons" under which a defendant proceeds, as noted above, the 18 U.S.C. § 3553(a) factors are relevant to whether release is warranted. *See* 18 U.S.C. § 3582; U.S.S.G. § 1B1.13.

As the proponent of the motion, the defendant bears the burden of proving that "extraordinary and compelling reasons" exist under the above criteria to justify early release. *See United States v. Gotti*, 02 Cr. 743 (CM), 2020 WL 497987, at *5 (S.D.N.Y. Jan. 15, 2020); *United States v. Ebbers*, 02 Cr. 11443 (VEC), 2020 WL 91399, at *4 (S.D.N.Y. Jan. 8, 2020); *see generally United States v. Butler*, 970 F.2d 1017, 1026 (2d Cir. 1992) ("A party with an affirmative goal and presumptive access to proof on a given issue normally has the burden of proof as to that issue.").

**B. The Defendant's Motion is Not Properly Before the Court**

Compassionate release is not available to Jordan because she is not presently in BOP custody. A defendant who is not in BOP custody cannot rely on Section 3582(c)(1)(A) for a reduction in sentence. The statute makes clear that a court "may not" modify a sentence of imprisonment unless, as relevant here, the defendant has first "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C § 3582(c)(1)(A). Section 3582(c)(1)(A) by its plain language thus contemplates that a motion to modify a sentence of imprisonment can only be made by a defendant *serving* a sentence of imprisonment at the time it is made. Indeed, the 30-day exhaustion period commences at the time the "warden of the defendant's facility" receives the defendant's request for a modification of sentence. A defendant who has not commenced her sentence of imprisonment does not have a facility from which to seek compassionate release.

Pursuant to Section 3585(a), a "sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served." The

plain implication is that the defendant's sentence of imprisonment has not commenced because he has not voluntarily surrendered to USP Lewisburg. A defendant who remains at liberty following sentencing and is given a surrender date is subject to the Bail Reform Act; the sentence of imprisonment has not been executed because the defendant is not in custody. *See, e.g.*, *United States v. Williard*, 726 F. Supp. 590, 594 (E.D. Pa. 1989) (defendant who remained on bail after sentencing with a date to self-surrender was bailed pursuant to the Bail Reform Act and could thus be prosecuted for bail jumping), *aff'd*, 914 F.2d 245 (3d Cir. 1990). As the defendant remains subject to the provisions of the Bail Reform Act, which governs bail pending "execution of sentence," *see* 18 U.S.C. § 3141(b), she cannot seek compassionate release under Section 3582(c)(1)(A) as she has not yet started serving his sentence.

Defendant's argument that she can seek relief under Section 3582(c)(1)(A)(i) even before she has begun to serve her sentence has been squarely addressed and rejected by two courts in this Circuit. *United States v. Konny*, 19-cr-283 (JGK), ––– F.Supp.3d –––, –––, 2020 WL 2836783, at *2 (S.D.N.Y. May 30, 2020); *United States v. Spruill*, 18-cr-22 (VLB), 2020 WL 2113621, at *3 (D. Conn. May 4, 2020).

As Judge Koeltl observed in *Konny*, section 3582(c)(1)(A)(i) "does not provide a basis for the Court to convert the defendant's term of imprisonment into a term of home confinement before he has self-surrendered to the BOP for several reasons." Among those reasons, Judge Koeltl noted that "by its plain terms, the section applies only to those defendants who have begun serving their term of imprisonment at a BOP facility." *Id.* at *2 (citing *Spruill*).

Ignoring these apposite cases, defendant seeks to rely instead on the readily distinguishable case of *United States v. Austin,* 06-cr-991 (JSR), ––– F.Supp.3d –––, –––, 2020 WL 3447521 (S.D.N.Y. June 22, 2020). In *Austin*, however, Judge Rakoff expressly distinguished *Konny* and *Spruill*, based on the different facts presented in *Austin.* In *Austin*, the defendant had already served some ten years of his sentence, but was released pending litigation and appeal of post-sentencing legal issues, and then ordered to return to the prison where he had previously served "roughly a decade" to complete the service of his sentence. *Id.* at *2. Judge Rakoff held that these circumstances distinguished the case from *Konny* and *Spruill.* Defendant Jordan's case, on the other hand, false squarely within the situation addressed in *Konny* and *Spruill*.

### C. Conclusion

For the reasons set forth above, defendant's motion to reconsider or modify her sentence pursuant to Section 3582(c)(1)(A) should be denied.

Respectfully,

AUDREY STRAUSS
Acting United States Attorney

By: \_S/ David Raymond Lewis_____
 DAVID RAYMOND LEWIS
 Assistant United States Attorney
 (212) 637-2397

cc: Amy Gallicchio, Esq. (by ECF)